# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RYAN S. DOERR,<br><br>  Defendant. | Case No. 14-50004-JAR |

## MEMORANDUM AND ORDER

On April 20, 2010, Defendant Ryan Doerr was sentenced to a 60-month term of imprisonment and a 10-year term of supervised release for traveling in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with a child. This matter is before the Court on Doerr's Motion to Terminate Defendant's Term of Supervised Release (Doc. 5). The Court has reviewed the motion and consulted with the United States Probation Officer assigned to supervise Doerr. For the reasons explained below, the Court denies Doerr's motion.

## I.  Background

On November 25, 2009, Doerr pleaded guilty in the Western District of Missouri to one count of traveling in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with a child, in violation of 18 U.S.C. § 2423(b) and (e), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. He was sentenced to a term of 60 months' imprisonment, followed by 10 years of supervised release. On February 20, 2014, Doerr began serving his 10-year term of supervised release. The Western District of Missouri transferred jurisdiction of his supervised release to the District of Kansas on April 8, 2014.

Doerr has completed 7 years of his 10-year term of supervised release. While on supervision, he has obtained a commercial driver's license and maintained employment. He has also attended sex offender treatment, submitted to polygraph and drug tests, and satisfied his criminal monetary penalty. Although Doerr has periodically engaged in noncompliant conduct, he has had no violations since 2018.

The government has notified the Court that it does not intend to file a response to Doerr's motion.

## II.   Legal Standard

Doerr seeks early termination of his 10-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervision" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In deciding whether to terminate a term of supervised release, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[1] Whether to grant a motion to terminate a term of supervised release rests within the discretion of the Court.[2]

The Judicial Conference has elaborated on § 3583(e)(1)'s statutory criteria and recommended that the United States Probation Officer evaluate two sets of factors depending on how long the defendant has been on supervised release.[3] If a defendant requests early termination during the first 18 months of supervision, "the appropriateness of early termination

---

[1] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)). In particular, the Court must consider the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e)(1).

[2] *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

[3] *See* Guide to Judiciary Policy, Vol. 8, Part E § 360.20(b)–(c) (July 2, 2018).

2

must be based on the person's overall progress in meeting supervision objectives," which includes that the defendant (1) "substantially satisfied the requirements of the court order"; and (2) "demonstrate a willingness and capability to remain lawful beyond the period of supervision."[4]

Where a defendant requests early termination after serving 18 or more months of supervision, "there is a presumption in favor of recommending early termination" if the defendant (1) "does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism"; (2) "presents no identified risk of harm to the public or victim"; (3) "is free from any court-reported violations over a 12-month period"; (4) "demonstrates the ability to lawfully self-manage beyond the period of supervision"; (5) "is in substantial compliance with all conditions of supervision"; and (6) "engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision."[5]

### III. Discussion

Despite having served more than 18 months of supervision, Doerr is not entitled to a presumption in favor of recommending early termination because he committed a sex offense. Doerr does not argue otherwise.

The Court will proceed to consider the pertinent factors set forth in § 3553(a), as required by § 3583(e)(1), to determine whether early termination of Doerr's term of supervised release is warranted by his conduct and the interest of justice.

---

[4] *Id.* § 360.20(b).

[5] *Id.* § 360.20(c).

3

### A.     Section 3553(a) Factors

*Nature and Circumstances of the Offense*

The nature and circumstances of Doerr's offense are serious.  In 2009, Doerr made plans to engage in sexual conduct with who he believed was a sixteen-year-old minor after responding to two Craigslist advertisements posted by undercover officers.  Although the offense occurred twelve years ago, the serious nature of his offense counsels against early termination of supervised release.  The Court remains mindful, however, that at this juncture the question is not whether the defendant deserves further punishment, but rather whether continuing supervision is necessary to assist him with rehabilitation and reintegration into the community.[6]

*Adequate Deterrence and Protecting the Public*

During his incarceration, Doerr completed many programs, ranging "from behavioral classes to vocational training."[7]  He also worked while incarcerated.  Doerr states that he held "the lead position issuing sports equipment in the facility's recreation department."[8]  After his release, while residing at a residential reentry center, Doerr maintained employment with AutoZone in Topeka, Kansas.  He received several promotions and was the store manager of three AutoZone stores over the course of his employment.

---

[6] *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

[7] Doc. 5 at 3.

[8] *Id.*

4

While on supervised release, Doerr obtained his commercial driver's license and started his own business. Since 2016, he has operated a freight shipping and trucking company. Doerr has also volunteered in his community through his church.

Doerr has made many positive strides. Yet, he has also periodically been noncompliant with the terms of his supervision. The Probation Officer states that he tested positive for marijuana and admitted use in August 2014. In March 2018, Doerr possessed an unauthorized electronic device containing pornographic material. And in June 2018, Doerr had unsupervised contact with his girlfriend's minor child without approval from the Probation Officer. The Probation Officer responded swiftly with correctional interventions after each violation.

Since June 2018, Doerr has complied with all conditions of supervision, without any further violations.

### *Training or Correctional Treatment*

The Probation Officer does not indicate that Doerr has any need for further educational or vocational training, medical care, or other correctional treatment. Doerr completed educational and vocational training during his incarceration. Moreover, Doerr previously completed sex offender treatment in December 2014. In light of his unauthorized and unsupervised contact with a minor, however, he later returned to sex offender treatment. He completed treatment in February 2020.

*Sentencing Guidelines and Policy Statements*

Under the U.S. Sentencing Guidelines, the length of Doerr's supervised release term was to be no less than the statutory minimum for his offense—five years.[9]  The Sentencing Commission's policy statement provides that, for sex offenses, "the statutory maximum term of supervised release is recommended."[10]  In Doerr's case, the statutory maximum term of supervised release was life.

*Sentencing Disparities and Restitution*

This factor has limited relevance.  There is no evidence that early termination of Doerr's term of supervised release is necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. Moreover, the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry in evaluating a motion for early termination of supervised release, such that this factor has limited utility in this context."[11]  Thus, this factor has little bearing on the overall § 3553(a) analysis.

*Restitution*

Doerr has no restitution obligations.

**B.     Consideration of the Interests of Justice**

Having considered the applicable § 3553(a) factors, the Court concludes that continued supervision is in the interest of justice.  To be sure, Doerr's unblemished record of compliance with his conditions of supervision over the last two years, his completion of sex offender

---

[9] U.S.S.G. § 5D1.2(c).

[10] *Id.* § 5D1.2(b).

[11] *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017).

treatment, and his commitment to success are all commendable.  However, continued supervision will provide him with ongoing structure as he continues to adjust to life in the law-abiding community.  Doerr's term of supervised release is at the low end of the statutory term of five years to life.  It is therefore both reasonable and appropriate for Doerr to continue serving his 10-year term.  Because Doerr has been assessed as a low-to-moderate risk, his supervision should have no more than a minimal to moderate impact on his day-to-day life, with visits occurring infrequently.

For the foregoing reasons, the Court finds that continued supervision is both in Doerr's best interest and in the best interest of the community.  Accordingly, Doerr's motion for early termination of supervised release is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Ryan Doerr's Motion for Early Termination of Supervised Release (Doc. 5) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: February 18, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE